UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BOBBY G. HEARD, )
 )
       Plaintiff, )
 )
v. ) No. 1:03-CV-321
 )
JO ANNE B. BARNHART, ) Judge Curtis L. Collier
Commissioner of Social Security )
 )
       Defendant. )

**M E M O R A N D U M**

    Plaintiff Bobby G. Heard ("Plaintiff") initially brought this action on September 15, 2003 seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") finding Plaintiff was not entitled to disability insurance benefits and supplemental security income benefits under Title II and Title XVI of the Social Security Act. The Court referred the matter to United States Magistrate Judge William B. Mitchell Carter, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R") regarding Plaintiff's Motion for Judgment on the Pleadings (Court File No. 12), Commissioner's Motion for Summary Judgment (Court File No. 18), and Plaintiff's Response to the Commissioner's Motion for Summary Judgment (Court File No. 20). The magistrate judge filed a R&R (Court File No. 21) recommending the decision of the Commissioner be affirmed, Commissioner's motion for summary judgment be granted, Plaintiff's motion for judgment on the pleadings be denied, and the case be dismissed. Plaintiff filed timely objections to the R&R (Court File No. 22).

After a careful review of the ALJ's report and the record, the Court will **ACCEPT** and **ADOPT** the magistrate judge's findings of fact, conclusions of law, and recommendations (Court File No. 21) pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), and accordingly will **DENY** Plaintiff's motion for judgment on the pleadings (Court File No. 12), **GRANT** Commissioner's motion for summary judgment (Court File No. 18), and **AFFIRM** the Commissioner's decision denying benefits to Plaintiff.

I.  DISCUSSION

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). Plaintiff makes three principal objections to the R&R which can generally be stated as follows: (1) the Commissioner should be required to abide by the terms of a prior remand order in this matter; (2) the ALJ failed to fully and fairly develop the record by not obtaining a consultative examination; and (3) there exists new and material evidence that warrants remand under Sentence Six. The Court will address each of these in turn.

A.  **Remand Order Objection**

Plaintiff's remand order objection is a legal objection not a factual one. The Court, therefore, will not restate all of the relevant facts and procedural background of this case as already outlined in the R&R. Suffice it to say, a remand order was issued in this case on December 12, 2003 that allowed the Commissioner 90 days to find its claim file. If within 90 days the Commissioner did not find the file, the remand order stated "the case will be assigned to an administrative law judge who will reconstruct the administrative record, hold a *de novo* hearing and issue a new decision"

(Court File No. 2). Well after the 90 day window, the claim file was discovered[1] and a *de novo* hearing was not held. Plaintiff argues that 90 days passed, so a *de novo* hearing should have been held in accordance with the "mandate rule." The Court agrees with the magistrate's reasoning especially in light of the fact Plaintiff was benefitted by proceeding with the original transcript and record and further, the Plaintiff has not pointed to any harm or prejudice that resulted from use of the original record and transcript. *See United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993) (stating mandate rule is a discretion-guiding rule subject to exception in the interests of justice); *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993) (listing exceptional circumstances that warrant a departure from the mandate rule including the discovery of significant new evidence that was not earlier obtainable).

**B.     Consultative Examination Objection**

Next, Plaintiff contends the ALJ should have obtained a consultative examination of the Plaintiff to explore Plaintiff's physical complaints in order to sufficiently build the record so a reasoned decision could be made (Court File 22, p. 2-4). The magistrate concluded the record contained enough information for the ALJ to make an informed decision. The Plaintiff objects to this conclusion. Plaintiff points to the hearing representative's statement that she was "unsuccessful in obtaining treating physician office notes" (Court File No. 9, p. 36). After a close review of the record, the Court agrees sufficient evidence was present in the record to enable the ALJ to make an informed decision with respect to Plaintiff's physical complaints. The record contains sufficient

---

[1] The file was found and filed with the Court on July 23, 2004 (Court File No. 6).

objective medical evidence contradicting Plaintiff's complaints and the ALJ had other information[2] to enable him to make an informed decision without obtaining a consultative examination of the Plaintiff (*see* Court File No. 9, pp. 24, 39, 61, 67, 143, 154-69, 236).

**C.      Sentence Six Objection**

Plaintiff seeks remand pursuant to sentence six of § 205(g) of the Act, 42 U.S.C. § 405(g), based on new evidence corroborating Plaintiff's complaint of being fatigued. A district court may remand a case to the ALJ to consider additional evidence only "upon a showing that there is (1) new evidence which is (2) material and (3) there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). The Commissioner and the magistrate concluded the evidence presented here does not satisfy the materiality prong required for a sentence six remand (R&R at 16).

Again, since Plaintiff is making a legal argument, the Court will not restate all of the facts as already outlined in the R&R. In short, Plaintiff testified before the ALJ that he suffered from fatigue because he had low platelets (Court File No. 9, p. 39-40). The ALJ rejected this complaint when he stated, "there is not a scintilla of evidence indicating that the claimaint suffers from fatigue or that he has a blood disorder consistent with his testimony." However, after the ALJ's decision, Dr. Edward R. Arrowsmith diagnosed Plaintiff with thrombocytopenia (*id*. at 333). Plaintiff argues this diagnosis is material because it bolsters Plaintiff's credibility and it undercuts the ALJ's reason for dismissing the Plaintiff's fatigue (*i.e.* no evidence supporting claim of fatigue) (Court File No.

---

[2] Most importantly, the ALJ had the opportunity to question the Plaintiff and is therefore in a better position than this Court to judge Plaintiff's credibility. Interestingly, the Plaintiff stated he was only taking medication for Glaucoma but a few weeks later testified "I think I take Celebrex for the arthritis" (Court File No. 9, p. 39, 61).

4

22, p. 5). Further, Plaintiff believes this new evidence would tip the balance in his favor so that he would be found disabled.

After a review of the ALJ's report and the record, the Court finds this new evidence immaterial for the same reasons already discussed by the magistrate judge.

## II. CONCLUSION

For the reasons stated above, the Court will **ACCEPT** and **ADOPT** the magistrate judge's findings of fact, conclusions of law, and recommendations (Court File No. 21) pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), and accordingly will **DENY** Plaintiff's motion for judgment on the pleadings (Court File No. 12), **GRANT** Commissioner's motion for summary judgment (Court File No. 18), and **AFFIRM** the Commissioner's decision denying benefits to Plaintiff.

An order shall enter.

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**
